IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony Rodgers,                                                  Case No. 3:05CV7207

        Plaintiff

v.                                                                                ORDER

United States of America,

        Defendant

This is a post-conviction relief case brought under 28 U.S.C. § 2255 in which the petitioner raises three claims: 1) ineffective assistance of trial and appellate counsel; 2) the trial court abused its discretion in denying his motion for a mistrial; and 3) his sentence was unconstitutionally enhanced in light of recent Supreme Court decisions concerning the Federal Sentencing Guidelines.

For the reasons that follow, the petition shall be denied.

## Background

Petitioner was one of three masked men who robbed the 5/3 Bank in Maumee, Ohio, on July 31, 2001. The robbers fled with $26,447.00. A shoeprint later found to match a shoe being worn by the petitioner was left on a counter.

A witness saw the robbers switch getaway cars and notified the police, who engaged in a high speed chase until the robbers' car crashed into another vehicle. The robbers sought to flee on foot, but were quickly apprehended.

When the robbers fled, one of them was carrying a black bag, which was found to contain three ski masks, gloves, three guns and money, including bait bills from the bank.

The petitioner was the driver of the getaway car. He was still wearing latex gloves observed by a bank teller during the robbery. His shoes were seized at the time of his arrest.

On August 8, 2001, Rodgers and his co-defendants were charged in a two-count indictment with armed bank robbery and use of a firearm (which had been discharged during the robbery) during a violent felony in violation of 18 U.S.C. §§ 2113 and 924(c), respectively. Copies of the crime laboratory reports were provided to defense counsel.

Hackney and Anderson pled guilty. Rodgers proceeded to trial on February 19, 2002.

On the morning of the second day of trial, before court had begun, two of the jurors were in the courthouse elevator. As the door opened, one of the jurors noticed Rodgers standing with several other individuals, who he presumed were officers. The juror, Mr. Peadon, did not notice what Rodgers was wearing or that he was in handcuffs. Rodgers did not get on the elevator.

When several jurors later mentioned among themselves that they were unable to use the courthouse elevator, Mr. Peadon told them what he had seen earlier. At Rodgers' request, the jurors were voir dired separately and given cautionary instructions. I determined that there was no reasonable basis for concluding that the jury was prejudiced and denied Rodgers' motion for mistrial. The jury found Rodgers guilty on both counts.

A presentence report was prepared. Count 1 calculated Rodgers' base offense level at 20 for a violation of 18 U.S.C. § 2113(a) and (d), plus 2 levels because property of a financial institution was taken, plus 1 level because more than $10,000 but less than $50,000 was taken, plus 2 levels for obstruction of

justice for recklessly creating a substantial risk of death in the course of fleeing from law enforcement officers. The total base level was 25.

Count 2 provides for a minimum 10 years for a violation of 18 U.S.C. § 924(c)(1).

Rodgers' criminal history points (22) far exceeded the 13 criminal history points which is the threshold for Criminal History Category VI. In addition, the instant offense was committed two weeks after Rodgers was released on bond awaiting retrial of an armed robbery of a credit union in which two tellers were injured.

Rodgers filed objections. I found that the defendant's Criminal History Category was significantly understated, that he was a danger and a menace to society, and to protect the public and punish the defendant for his violent crimes, an Offense Level of 32 was required. I determined the guideline range, based upon a total offense level of 32 and a Criminal History Level of VI, to be 210 - 262 months on Count 1 and 120 months on Count 2.

On August 16, 2002, Rodgers was sentenced to maximum recommended range: 262 months on Count 1 and 120 months on Count 2, to be served consecutively (but concurrently with any imposed state sentence).

The defendant filed a direct appeal, arguing that I: 1) abused my discretion when I denied his motion for a mistrial following the encounter with the jurors by the elevator; and 2) abdicated my obligations under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), by admitting expert testimony on ballistics and shoeprint evidence without a proper foundation as to its relevance and reliability. The Sixth Circuit affirmed. *U.S. v. Rodgers*, 85 Fed.Appx. 483, 2004 WL 74650 (6th Cir.), *cert. denied*, 541 U.S. 1055 (2004).

3

Rodgers timely filed the instant § 2255 petition, in which he asserts three grounds for relief: 1) I abused my discretion in denying his motion for a mistrial; 2) his sentence was unconstitutionally enhanced in light of recent Supreme Court decisions concerning the Federal Sentencing Guidelines; and 3) he received ineffective assistance of trial and appellate counsel.

## Discussion

To obtain relief under § 2255 on the basis of a nonconstitutional error, a defendant must show a fundamental defect in the proceedings inherently resulting in a complete miscarriage of justice or an omission contrary to the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *U.S. v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors result in something akin to a denial of due process. *Grant v. U.S.*, 72 F.3d 503 (6th Cir. 1996).

To obtain relief on the basis of a constitutional error, the defendant must show that the record reflects an error of constitutional magnitude having a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *U.S. v. Ross*, 40 F.3d 144, 146 (7th Cir. 1994).

Claims that could have been raised in a direct appeal but were not, are barred from further review. These claims are reviewed only upon a showing of cause and prejudice for failing to raise them. *U.S. v. Frady*, 456 U.S. 152, 159 (1982); *Ratliff v. U.S.*, 999 F.2d 1023, 1025 (6th Cir. 1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. *U.S. v. Walsh*, 733 F.2d 31, 34-35 (6th Cir. 1984).

In a petition for collateral review pursuant to § 2255 seeking to vacate a sentence, a prisoner must clear a significantly higher hurdle than would exist on direct appeal. *McNeil v. U.S.*, 72 F. Supp. 2d 801, 803 (N.D. Ohio 1999). The petitioner has the burden of sustaining his contentions by a preponderance of the evidence. *Id.*

### 1. Encounter With Juror

A § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal, absent highly exceptional circumstances, such as an intervening change in the law. *DuPont v. U.S.*, 76 F.3d 108, 110 (6th Cir. 1996). Rodgers repeats his earlier challenge to this court's handling of that event and finding of no taint or prejudice. That challenge, having been rejected on direct appeal, 85 Fed.Appx. at 486, 2004 WL 74650 at *3, is not cognizable in this proceeding.

### 2. Sentencing Issues

Rodgers seeks to have his sentence recalculated in light of *U.S. v. Booker*, U.S. , 125 S. Ct. 738 (2005), which held that mandatory application of the Sentencing Guidelines to determine a defendant's sentence violates the Sixth Amendment.

The holding in *Booker* applies to cases pending on direct review, but the Supreme Court did not speak to the issue of claims arising under § 2255. In *Humphress v. U.S.*, 398 F. 3d 855, 857, 860 (6th Cir. 2005), the Sixth Circuit held that *Booker* does not apply retroactively in collateral proceedings. In light of *Humphress*, the defendant is not entitled to reconsideration of his sentence under *Booker*.

### 3. Ineffective Assistance of Counsel

Rodgers challenges the constitutional adequacy of his attorneys in two respects; namely the failure of : 1) trial counsel to challenge the expert testimony on ballistics and shoeprint evidence; and 2) appellate

5

counsel to raise the issue of whether the I improperly imposed a sentence outside proscribed limitations and jurisdiction when I departed upward from the guideline range.

To establish ineffective assistance of counsel, a petitioner must show, first, that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and, second that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. *See generally Strickland v. Washington*, 466 U.S. 668 (1984).

### a. Trial Counsel

Rodgers claims his right to constitutionally adequate counsel was abrogated when his trial attorney failed "to do an independent study of the government's evidence to prove that the government's case was not substantiated with enough facts to support a conviction beyond a reasonable doubt." (Doc. 1, at 7). He claims that his attorney should have filed a motion to exclude the government's scientific testimony about ballistic and shoeprint evidence. He claims that by not challenging the sufficiency of the expert testimony and/or moving to exclude the expert's tesitmony and related evidence, he was unable to prepare a proper defense.

Rodgers has not shown, or even suggested that the government's forensic evidence was flawed or defective. His attorney had ample opportunity to evaluate the government's evidence, and elected not to seek its exclusion.

Even if this strategic decision were somehow shown to have been deficient, the defendant has not shown that the result of the trial would have been different, had his attorney challenged the government's forensic evidence and testimony.

In any event, particularly with regard to the ballistics evidence, the Court of Appeals has already noted that "even if the ballistics evidence is disregarded, the [remaining] evidence against Rodgers is overwhelming." 85 Fed.Appx. at 488.

Rodgers has failed to meet either prong of *Strickland* with regard to his challenge to the performance of his attorney at trial.

### b. Appellate Counsel

Rodgers challenges the constitutional adequacy of his appellate counsel on the basis that that attorney only raised two issues on appeal. He contends that appellate counsel improperly ignored a potential challenge to the severity of his sentence.

The defendant can show neither constitutionally unacceptable representation nor resultant prejudice. The Sentencing Guidelines allow an upward departure from the otherwise applicable guideline range where the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood of recidivism. U.S.S.G. § 4A1.3. An appeal on this issue would have been futile.

Moreover, what the defendant labels as "personal views" were simply the requisite statement of reasons on the record to enable the Court of Appeals to examine the trial court's stated reasons for departure beyond the next higher level. *See generally U.S. v. Kennedy*, 893 F.2d 825 (6th Cir.1990).

There being no flaw of constitutional dimension in the representation afforded by appellate counsel, the defendant is not entitled to relief as to this ground.

### Conclusion

In light of the foregoing, it is hereby

7

ORDERED THAT the petition for relief under 28 U.S.C. § 2255 be, and the same hereby is denied. Further, the Court certifies, pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. 2253©); Fed. R. App. P. 22(b).

So ordered.

                                              s/James G. Carr
                                              James G. Carr
                                              Chief Judge